UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FREDERICK CHARLES PRESTON, JR. | CIV. ACTION NO. 3:23-00324 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| UNIDENTIFIED DEFENDANTS, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a request for sanctions [doc. # 20] filed by Plaintiff pro se Frederick Preston, Jr. The motion is opposed. [doc. # 24]. For reasons assigned below, the motion is DENIED.[1]

### Background

On approximately March 9, 2023, Plaintiff Frederick Charles Preston, Jr. ("Preston"), who is a prisoner at the Tensas Parish Detention Center ("TPDC") and representing himself in this matter, filed the instant civil rights suit under 42 U.S.C. § 1983 against several TPDC officials for a variety of complaints. Pursuant to an August 7, 2023 Report and Recommendation, the District Court dismissed all claims and parties, save for Preston's claims related to lack of medical care against Defendants Warden Pat Smith and Nurse D. Harvey (hereinafter, "Defendants'). (R&R and Judgment [doc. # s 9 & 12]).

On September 6, 2023, Preston filed a motion for appointment of counsel because his requests for access to the TPDC law library were being ignored. *See* doc. # 14. On September 8,

---

[1] As this motion is not excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1.

2023, the court denied Preston's motion for appointment of counsel, but granted his associated request for use of the law library and/or resources. (Sept. 8, 2023 Order [doc. # 15]). In so doing, the undersigned remarked that Preston should be permitted to use the law library and/or other legal resources available to him at the facility. *Id*.

On October 19, 2023, Preston filed the instant request for sanctions because, as of October 17, 2023, the "facility" had failed to answer his five written requests for materials and "a visit." [doc. # 20]. On October 27, 2023, Preston filed what is essentially a supplemental memorandum in support of his motion for sanctions wherein he stated that, on the same day he submitted his motion for sanctions, he suddenly received a law library call-out, but received none of the specific work he had asked for and was unable to have hands-on with the materials. (Suppl. Brief [doc. # 23]). Preston further complained that his communications with the inmate lawyer were being reported directly to the warden, which gave her an unfair advantage in learning how he intends to pursue this litigation on her. *Id*. Preston added that the inmate counsel provided him paperwork on medical malpractice when he had asked for case law on inadequate and/or delayed medical care. *Id*. Accordingly, Preston asked that an appropriate sanction or reprimand be documented in the case against the facility. *Id*.

On November 13, 2023, Defendants filed an opposition to the motion for sanctions wherein they represented that,

> [t]he Tensas Parish Detention Center ("TPDC") has a small "law library" that essentially consists of an inmate assistant who has a computer and a small selection of books. Inmates who wish to use the law library may sign up to do so. The request is submitted to the inmate assistant who gathers whatever materials are requested and provides them to the requesting inmate. The law library is available Mondays through Fridays from 8:30 a.m. to 4:30 p.m. Once a request to access the library is submitted, the requesting inmate is usually called out to do so within 2-3 days depending upon the volume of requests. The requesting inmate is able to speak with the inmate assistant and clarify any issues with the request while there.

2

(Defs. Opposition, pg. 1 [doc. # 24]). Defendants stated that they had no reason to believe that Preston had been denied access to the law library. *Id*. In fact, they attached logs which purported to show that Preston had visited the law library on September 5, October 19, and October 23, 2023. *Id*., Exh. A.

Preston did not file a reply brief. Accordingly, the matter is ripe.

## **Analysis**

In response to Preston's motion, Defendants submitted evidence to show that Preston was able to make at least three appointments for law library callout. Moreover, there is no evidence that Defendants were behind any effort to stymie Preston. Furthermore, Preston does not require an extensive physical library to prosecute his case. In fact, even this court does not have ready access to any significant collection of physical books. Rather, the court conducts its research online, which is the same medium that the TPDC makes available to its inmates. While Preston complains that the search results provided to him by the inmate liaison were not responsive, there is no reason why Preston cannot modify his search terms to clarify his research needs.[2]

Finally, Preston complained that the library liaison directly reports his communications to the warden, thereby revealing his litigation strategy. However, Preston's claims and theories of recovery against Defendants are not a secret. Preston included his claims against Defendants in his pleadings, from which the court distilled viable claims and parties. Defendants also are entitled to uncover Preston's theories of recovery via discovery. Moreover, defense counsel are experienced litigators, who are well-acquainted with the range of tactics employed by pro se civil

---

[2] To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996). Preston has not made that showing here.

rights inmates. Therefore, it is highly unlikely that any indiscretions by the library liaison will result in defense counsel uncovering any of Preston's case-related confidences. In sum, Preston's concerns are not substantiated.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that Plaintiff pro se Frederick Preston, Jr.'s request for sanctions [doc. # 20] is DENIED.

In Chambers, at Monroe, Louisiana, on this 9th day of January, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE