UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| FREDERICK CHARLES PRESTON, JR. | CIV. ACTION NO. 3:23-00324 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| UNIDENTIFIED DEFENDANTS, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment [doc. # 28] filed by Defendants, D. Harvey (a/k/a Deirdra Harvey) and Pat Smith. The motion is opposed. For reasons set forth below, it is recommended that the motion be DENIED.

**Background**

On or about March 9, 2023, Plaintiff pro se Frederick Preston, Jr. ("Preston"), who is proceeding in forma pauperis in this matter, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 against various Defendants. Preston is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Tensas Parish Detention Center ("TPDC"), Waterproof, Louisiana.

Following the filing of one or more amended complaints, *see* doc. #s 1, 4, 7-8, the undersigned reviewed the pleadings and, on August 7, 2023, recommended dismissal of Preston's claims "--with the exception of [his] claims of lack of medical care and associated requests for compensation and medical care against Warden Pat Smith and Nurse D. Harvey . . ." (Aug. 7, 2023 Report & Recommendation ("R&R") [doc. # 9]).[1]

---

[1] The District Court adopted the R&R on August 18, 2023. (Judgment [doc. # 12]).

In the R&R, the undersigned documented the factual basis for Preston's surviving claims, as follows,

> Plaintiff claims that in February 2023, a small hole in his tooth became worse and caused the tooth to decay and become so sensitive that he could not eat. [doc. # 8, p. 2]. While in lockdown, he "was refused medical treatment even after declaring a medical emergency." [doc. # 4, p. 3]. He wrote at least six requests for a tooth extraction, but his requests were ignored. *Id.* He also submitted several requests for pain medication. *Id.* Nurse Harvey responded and told him to "get over the counter medicine from the pill cart during pill call." *Id.* Plaintiff claims, however, that he was told that "they don't have any or not to ask for anything." *Id.* That said, he was able to obtain "IBU's for [his] pain" a "couple times a week[.]" [doc. # 8, p. 2]. He adds: "Since February, I've been told I am on the list for the dentist but 12 weeks of continuous waiting is cruel and unusual. . . . I suffered continuously for months and literally begged to go to the dentist." *Id.*
>
> Plaintiff alleges that he "made [Warden Smith] aware of his [his] medical crisis[,]" and told her that he could not eat or chew properly. [doc. # 8, p. 1]. He claims, however, that "nothing was done." *Id.* He has been unable to "eat or get out the bed" for long periods of time because of his pain. *Id.*
>
> For relevant relief, Plaintiff seeks compensation and an order instructing the "facility [to] honor any and all medical request[s] made . . . ." [doc. # 4, p. 6].

(R&R, p. 6). Preston detailed damages in the amount of $250,000 for pain, suffering, mental anguish, emotional distress, and deliberate indifference. [doc. # 8, p. 2].

On August 7, 2023, the court issued a service order for Defendants, Pat Smith (hereinafter, "Warden Smith" or "Smith") and D. Harvey (hereinafter, "Nurse Harvey" or "Harvey"). (Mem. Order [doc. # 10]). Smith and Harvey filed their answer to the complaint, as amended, on October 2, 2023. (Answer [doc. # 17]).

On October 4, 2023, the court issued a scheduling order that included deadlines for amendment of pleadings, completion of discovery, and the filing of a motion for summary judgment or statement of issues. (Sched. Order [doc. # 18]).

On March 7, 2024, Smith and Harvey duly filed the instant motion for summary

judgment seeking dismissal of Preston's claims against them on the merits. Preston filed his response brief on March 18, 2024. (Pl. Response [doc. # 30]). Smith and Harvey did not file a reply, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 29]. Accordingly, the matter is ripe.

## **Standard of Review**

Summary judgment is appropriate when the evidence before the court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine [dispute] of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the non-moving party," an

actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-323. The non-moving party may not rely merely on the allegations and conclusions contained within the pleadings; rather, the non-movant "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant does not satisfy his burden merely by demonstrating some metaphysical doubt as to the material facts, by setting forth conclusory allegations and unsubstantiated assertions, or by presenting but a scintilla of evidence. *Little*, 37 F.3d at 1075 (citations omitted).

Moreover, "summary judgment is appropriate in *any* case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little, supra* (citation omitted) (emphasis in original). In sum, "[a]fter the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000) (citation omitted).

## Analysis

### I. Law

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citing 42 U.S.C. § 1983). Section

1983, however, does not create any substantive rights; it simply provides a remedy for the rights designated therein. *Id*. "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id*. (citation omitted).

In his complaint, as amended, Preston alleged that, for twelve weeks, he waited to see a dentist, but that the delay in treatment caused him to suffer continuously for months, which was "cruel and unusual." [doc. # 8, p.2]. In other words, he contends that this delay in medical treatment amounts to a violation of his rights under the Eighth and Fourteenth Amendments.[2]

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (citations omitted). Thus, to establish liability for inadequate medical care under the Eighth Amendment, an inmate must adduce facts which "clearly evince" a serious medical need and the prison official's deliberate indifference to it. *Hernandez v. Velasquez*, 522 F.3d 556, 561 (5th Cir. 2008) (citation omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976).

---

[2] If, in fact, Preston is a convicted prisoner, then his rights derive from the Eighth Amendment. *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019) ("The Eighth Amendment ensures the safety of convicted prisoners while due process under the Fourteenth Amendment protects pretrial detainees") (citation omitted). However, the Eighth Amendment is made applicable to the States through the Fourteenth Amendment. *Kennedy v. Louisiana*, 554 U.S. 407, 419; 128 S.Ct. 2641, 2649 (2008), *as modified* (Oct. 1, 2008), *opinion modified on denial of reh'g,* 554 U.S. 945; 129 S.Ct. 1 (2008). Furthermore, the Fifth Circuit's Fourteenth Amendment case law concerning pretrial detainees is based on the same Supreme Court's Eighth Amendment precedent pertaining to prisoners. *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019). Ultimately, then, "there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

Furthermore, "[t]o succeed on a deliberate-indifference claim, plaintiffs must show that (1) the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference." *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citations and internal quotation marks omitted); *see also Bailey v. E. Baton Rouge Par. Prison*, 663 F. App'x 328, 330 (5th Cir. 2016) (quoting *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000)). A prison official acts with deliberate indifference to an inmate's health "only if [s]he knows that [the] inmate[ ] face[s] a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) (applying *Farmer* to a denial of medical care claim). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

A plaintiff must establish that a prison official "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Grogan v. Kumar*, 873 F.3d 273, 278 (5th Cir. 2017) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). "[N]either an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference." *Blank v. Bell*, 634 F. App'x 445, 448 (5th Cir. 2016). "Thus, mere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice." *Delaughter v. Woodall*, 909 F.3d at 136 (citations omitted). Moreover, "delay in medical care can only constitute an Eighth Amendment

6

violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Continuous medical care ordinarily precludes a finding of deliberate indifference on the part of prison officials. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992).[3]

A prison official's delay in obtaining needed dental care or treatment for an inmate that the official knows to be experiencing dental pain violates the Constitution. *See Eugene v. Deville*, 791 Fed. App'x. 484, 485 (5th Cir. 2020); *Carlucci v. Chapa*, 884 F.3d 534, 539 (5th Cir. 2018) (plaintiff's allegations of severe physical pain and denial of recommended dental treatment are sufficient to state a plausible claim for relief); *Thompson v. Williams*, 56 F.3d 1385 (5th Cir. 1995) (inmate stated constitutional claim where the dentist had diagnosed the need for teeth to be extracted, inmate was in considerable pain, but jail officials did not appear to be arranging for the surgery or speeding up inmate's transfer to facility where inmate could receive the medical treatment).

## II.     Evidence Presented

In support of their motion, Defendants submitted Deirdra Harvey's declaration, wherein she averred that,

1. She is employed at the TPDC by the Tensas Parish Sheriff as a "Medical Officer."

2. She reviewed Preston's medical records, which confirmed that, on October 26, 2022, a "third-party dentist," Dr. Jerry G. Ezell, performed oral surgery on Preston.

---

[3] In short, "[d]eliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see Alton v. Tex. A & M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999) ("Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference."); *Domino, supra* (quoting *Farmer, supra*) ("[T]he decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.'").

3. On March 16, 2023, Harvey received a medical request from Preston indicating that he was experiencing tooth pain, and, so, she placed him on the list for a dental visit.

4. To be placed on the list for a dental visit means that the TPDC will notify the dentist's office about the inmate's complaint and then the dentist's office will notify TPDC when they are able to schedule the appointment.

5. "At that time," the TPDC was using Dr. Elizabeth Matthews. Because of a covid resurgence, the TPDC was advised that it would "take some time" to schedule the appointment.

6. While waiting for the appointment, Preston continued to complain of tooth pain, and, thus, he was provided ibuprofen and Tylenol, and also was able to purchase these items himself from the commissary.

7. On an unspecified date, Dr. Matthews' office advised the TPDC that they no longer would be able to accept inmate visits. Accordingly, "[a]t that time," the TPDC scheduled Preston to be seen by the same dentist he saw in October 2022, i.e., Dr. Jerry Ezell, whereupon Preston's tooth was extracted on June 7, 2023.

8. At no time, did anyone at the TPDC intentionally delay Preston's dental visit or otherwise deny him medical care.

(Decl. of Deirdre Harvey; Defs. MSJ, Exh. A [doc. # 28-3]).

In his written response to the motion, Preston stated, in pertinent part:

1. Although he visited Dr. Ezell on October 26, 2022, he received only an x-ray. No procedure or oral surgery of any kind was done. At that time, Preston only had a small hole in the back of his tooth that caused him moderate pain. Dr. Ezell saw no need for tooth extraction at that time. Instead, Ezell told Preston's family that he could pay for a filling, which would cost $212.00. Preston, however, had insufficient funds in his account to pay for the filling.

2. By February 2023, the hole in Preston's tooth had grown larger and the pain had become "exceptionally great."

3. While Preston conceded that medication was provided, the medication was not available regularly at the commissary, and pain pills were available on the medical cart no more than two to three times per week.

4. During the weeks-long delay in receiving treatment, Preston "constantly complained of excruciating pain and told medical staff that [he] couldn't get out of [his] bed at times and [that he] was unable to eat."

8

> 5. Warden Smith received notice of Preston's suffering and his inability to eat because of extreme pain. Preston drafted multiple medical requests, detailing his pains and need for immediate medical care. Warden Smith provided Preston with a lone response to his requests, stating that she had talked to a nurse and that Preston's name was on the list.

(Pl. Response [doc. # 30]). While Preston's statements are neither sworn, nor made under penalty of perjury, post-amendment to Rule 56, the court now has the latitude to credit unsworn statements at the summary judgment stage.[4] The court finds that Preston's statements could be submitted in admissible form at trial, i.e., under oath, and, therefore, the court may consider them for the purpose of this summary judgment motion.

## III. Discussion

At the summary judgment stage, the court must resolve disputed issues of material fact in favor of the non-movant. Doing so here, the court is obliged to credit Preston's assertion that he did not receive any treatment for his tooth at his October 26, 2022 visit with Dr. Ezell. The court also credits Preston's statement that pain medication was not regularly available at the

---

[4] *See Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019) (quotations omitted) ("New Rule 56(c), added in 2010, permits a party to support or dispute summary judgment through unsworn declarations, provided their contents can be presented in admissible form at trial. Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . ,the material may be presented in a form that would not, in itself, be admissible at trial."); *Lozano v. Davis*, 774 F. App'x 263, 264 (5th Cir. 2019) (reasoning that considering whether a plaintiff's unsworn assertions "could have been presented in an admissible form . . . is particularly relevant where a pro se plaintiff's allegations form his entire response in opposition to summary judgment."); *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017), *as revised* (July 5, 2017) ("The district court dismissed Captain Jamison's report solely because it was not sworn without considering Lee's argument that Captain Jamison would testify to those opinions at trial and without determining whether such opinions, as testified to at trial, would be admissible."); *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record.").

commissary or otherwise on the medication cart more than two to three times per week. In addition, Preston notified TPDC medical staff, i.e., Nurse Harvey, plus Warden Smith, regarding his plight and suffering, but they took no action to alleviate his pain for weeks on end.

The court also accepts Defendants' uncontested representation that they promptly placed Preston on the list to see the dentist, but that the dentist was unavailable for an extended period of time. However, Preston disputes that he had consistent, daily access to ibuprofen and/or Tylenol to alleviate his pain, which was made known to Defendants via his complaints of suffering. Defendants also stress that, when it became clear that Dr. Matthews would be unable to see Preston, they promptly made alternative arrangements for him to see a different dentist. However, in the face of Preston's repeated complaints of "excruciating pain," such that he was unable to eat or even get out of bed, Defendants proffer no explanation for why they neglected to take steps for him to be seen by another dentist much earlier, especially in light of the open-ended delay conveyed by Dr. Matthews' office.

In other words, after drawing all reasonable inferences in favor of Preston stemming from Defendants' inexplicable failure to schedule him to see a different dentist weeks earlier, a reasonable jury could find that Defendants were deliberately indifferent to Preston's risk of substantial harm, i.e., his untreated tooth pain.

## Conclusion

For the reasons detailed above, the undersigned finds that Plaintiff has presented a genuine dispute as to a material fact(s), sufficient to preclude summary judgment in favor of Defendants. Accordingly,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 28] filed by Defendants D. Harvey and Pat Smith be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 30th day of April, 2024.

_____
KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE